**UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE**

Kenneth H. Hart

     v.                                          Civil No. 09-cv-0355-PB

Richard M. Gerry, Warden,
New Hampshire State Prison

**<u>ORDER</u>**

Before the court is pro se petitioner Kenneth H. Hart's
petition for a writ of habeas corpus (doc. no. 1), filed pursuant
to 28 U.S.C. § 2254 ("§ 2254 petition"), along with a motion for
appointment of counsel (doc. no. 3).  The matter is before me for
preliminary review to determine whether or not the claims raised
in the petition are facially valid and may proceed.  <u>See</u> Rule 4
of the Rules Governing Section 2254 cases in the United States
District Courts; United States District Court for the District of
New Hampshire Local Rule ("LR") 4.3(d) (authorizing magistrate
judge to conduct preliminary review of pro se pleadings).

<u>Standard of Review</u>

Under LR 4.3(d)(2), when an incarcerated plaintiff or
petitioner commences an action pro se and in forma pauperis, the
magistrate judge conducts a preliminary review.  In a preliminary
review, pro se pleadings are construed liberally, however

inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly [pleaded]." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

## Background

Hart was convicted in February 2000 of aggravated felonious sexual assault, witness tampering, and resisting arrest.  He was sentenced in April 2000 to ten to twenty years in the New Hampshire State Prison (NHSP) on these convictions.

In the instant petition -- not the first Hart has filed in district court -- Hart has not articulated his claims for relief. He filed a form petition that is mostly blank.  Hart stopped filling out the form on page 3, after noting in the margin that

he could not finish it and directing the court to refer to his Motion for Appointment of Counsel (doc. no. 3).  Hart provided no response at all to question 12, which asks the petitioner to state the grounds supporting each of his claims for relief.

<u>Discussion</u>

I.   <u>Petition</u>

Section 2254 confers jurisdiction on this Court to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Here, Hart did not state any facts at all in his petition that would support a claim for relief under § 2254.

Furthermore, to be eligible for habeas relief, a state prisoner like Hart must also show for each claim that he has either exhausted all of his state court remedies or is excused from exhausting those remedies because of an absence of available or effective state corrective processes.  <u>See</u> 28 U.S.C. § 2254(a) & (b); <u>see</u> <u>also</u> <u>Adelson v. DiPaola</u>, 131 F.3d 259, 261 (1st Cir. 1997) (explaining exhaustion principle).  A petitioner's remedies in New Hampshire are exhausted when the New Hampshire Supreme

Court has had an opportunity to rule on the claims.  <u>See</u> <u>Lanigan</u> <u>v. Maloney</u>, 853 F.2d 40, 42 (1st Cir. 1988).

Here, Hart has made no attempt to set forth his claims, much less to show that he has exhausted those claims in the state courts.  Until Hart files an amended petition and articulates his claims, as directed below, I cannot evaluate Hart's habeas petition or the claims therein.[1]

II.  <u>Motion for Appointment of Counsel</u>

A petitioner requesting habeas relief under § 2254 has no constitutional right to counsel.  <u>See</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987).  The court may appoint counsel for financially eligible persons if "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).

Hart has filed more than ten lawsuits in this Court, including six previous petitions under § 2254.  It appears that Hart can articulate claims for relief under § 2254, as he has done so in prior cases in this Court.  Hart's failure to even set forth his claims or any other facts supporting his need for court

---

[1]I offer no opinion at this time regarding whether Hart's petition is barred by the one year statute of limitation set forth in 28 U.S.C. § 2244(d), or whether his claims should be dismissed under 28 U.S.C. § 2244(b) (concerning claims asserted in "second or successive" habeas corpus petitions).

appointed counsel makes it impossible to make a determination on his motion at this time.  Accordingly, the motion for court-appointed counsel (doc. no. 3) is denied without prejudice to being renewed should circumstances warrant.

<u>Conclusion</u>

Hart's motion for appointment of counsel (doc. no. 3) is denied without prejudice as specified above.  Hart is directed to file an amended petition for writ of habeas corpus within 30 days of the date of this Order.  In the amended petition, Hart shall set forth each ground on which he claims that he is being held in violation of the Constitution, laws, or treaties of the United States, along with facts to support each ground.

In the amended petition, Hart shall also state facts to show that each of his claims has been exhausted.  Hart may demonstrate exhaustion to this Court, for example, by attaching copies of any motions, notices of appeal, or other pleadings filed in the state courts that:  (1) cite pertinent federal cases, (2) refer to federal constitutional provisions, or (3) otherwise characterize his claims in a manner likely to have alerted the New Hampshire Supreme Court to the federal aspect of each claim.

In the alternative, once Hart has amended his petition to

set forth his claims, Hart may elect, in writing, to forego any
unexhausted claims, or he may move to stay this action so that he
may return to the state courts to exhaust each unexhausted
federal claim.

Should Hart fail to amend his petition as directed, or
otherwise fail to comply with this Order, the petition may be
dismissed for failure to state a claim upon which relief may be
granted, or for failure to demonstrate exhaustion, as
appropriate.  See 28 U.S.C. § 2254(b).

**SO ORDERED.**

James R. Muirhead
United States Magistrate Judge

Date:  November 30, 2009

cc:  Kenneth H. Hart, *pro se*

JRM:nmd